COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-501-CR

                                        NO.
2-04-502-CR

 

 

ROBERT LEE YOUNG III                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Robert Lee Young III entered an open
plea of guilty to the offenses of felony criminal mischief and possession of
less than four grams of methamphetamine. 
The trial court found him guilty and sentenced him to five and twelve
years=
confinement respectively, the sentences to be served concurrently.  Appellant brings a single point on appeal,
arguing that his Sixth Amendment rights to confrontation and cross-examination
were violated by the trial court=s
consideration of the pre-sentence investigation report (APSI@)
prepared by a Tarrant County community supervision officer.

The record reflects that Appellant specifically
waived his right to a jury at both guilt and punishment and waived his right to
the appearance, confrontation, and cross-examination of witnesses.  The plain language of the waiver indicates
that it applies to both the guilt and punishment phases of the trial.  Appellant concedes that he requested that a
PSI be prepared.  But he also contends
that nowhere in the record is there evidence that he acquiesced to the  community supervision officer=s
compilation and recitation of third-party witness statements about events in
Appellant=s past.

As the State points out, the record is silent as
to whether a PSI was actually done. 
There is no record of the sentencing hearing and no showing that the PSI
was offered into evidence or considered by the trial judge.  Because there is no record of either the plea
or the punishment hearing, there is no evidence in the record that Appellant
objected to the trial court=s
consideration of the PSI as a denial of his rights of confrontation and
cross-examination.








To preserve a complaint about the denial of the
rights of confrontation and cross-examination, Appellant is required to show
that he objected to such Sixth Amendment violations.[2]  Consequently, even if we were to assume that
the PSI was prepared, presented to the trial court, and considered by the trial
court in assessing punishment, Appellant would still not prevail because the
record does not reflect any objection on his part.[3]  For these reasons, we overrule Appellant=s sole
point.

The State invites us to hold that the Sixth
Amendment rights of confrontation and cross-examination do not apply at the
punishment stage when the trial judge alone assesses punishment.  We decline to do so.  The Sixth Amendment confers the right to
counsel at trial as well as the right to confront and cross-examine witnesses.[4]  We are not prepared to engage in piecemeal
dismantling of constitutional protections. 
We believe the right to counsel applies even at punishment in a bench
trial.  And until a higher court
instructs us to the contrary, we shall apply the Sixth Amendment in its
entirety, even to bench trials.








Because we hold that the record is insufficient
to support Appellant=s complaint, we affirm the trial
court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  November 10, 2005

 











[1]See Tex. R. App. P. 47.4.





[2]See Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).





[3]See Tex. R. App. P. 33.1(a); Mendez,
138 S.W.3d at 341; Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App.
1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).





[4]U.S. Const amend. VI; Crawford v. Washington, 541 U.S.
36, 59, 124 S. Ct. 1354, 1359 (2004) (rights to confront and cross-examine); Russeau
v. State, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005) (same); Ex parte
McFarland, 163 S.W.3d 743, 759 (Tex. Crim. App. 2005) (right to counsel).